### MOTT *v.* FROST *et al.*

*(District Court, D. South Carolina. April 22, 1891.)*

1. ADMIRALTY—LIBEL FOR FREIGHT—TENDER—PLEADING.
   In libel for the balance of freight due under a charter-party libelant need not allege a tender made by respondents, since the tender is a matter of defense to be set up by respondents.

2. SAME—LIBEL FOR DEMURRAGE—PLEADING.
   In libel for demurrage libelant need not allege of which party the charter-party or bill of lading makes it the duty to discharge the vessel, since the matter properly comes up in the evidence.

In Admiralty. Libel *in personam.*

Libel for the balance of freight unpaid, and for demurrage, under the terms of a charter-party. It states the shipment of cargo—fish scrap—at Nantuc, Conn., on voyage to Charleston, the arrival at the port, and the due delivery of cargo to respondents at their wharf, and its acceptance by them, the payment of a part of the freight money due by respondents, and that a balance of $289.08 has not been paid. It also alleges that the charter-party provided for quick dispatch in loading and discharging the cargo; that lay-days should commence when the master should report himself ready to receive or discharge the cargo, and that for each day's detention by default of the charterer or his agent $60 per day should be paid by him; that the ship was reported at the wharf of respondent at 7 A. M. on 9th March, 1891, ready to discharge her cargo; that eight days was the usual time for discharging her, but that by

default of respondents the cargo was not discharged until 1:30 P. M. on 21st. By reason thereof libelant claims demurrage for 3½ days at $60 per day. Respondents, after the libel was filed, expressed willingness to pay the balance of the freight, and tendered it. On refusal of tender they deposited the amount in court, and filed exceptions.

*Huger Sinkler*, for libelant.

*Frank R. Frost*, for respondents.

SIMONTON, J. The case comes up on exceptions to the libel: *First*, because it fails 'to state that a tender had been made by respondents; *second*, because the libel, in its eighth article, states "that the usual time for discharge of said cargo with quick dispatch is eight days, but that by reason of the default of the respondents the said cargo was not discharged until 1:30 P. M. on 21st day of March, and that by reason thereof, and of the unjust detention of said schooner by said respondents, the libelant claims 'demurrage.'" The object of all the pleadings in admiralty is the clear exposition of the case of the pleader. He must avoid obscurity, and must make his statements so plain that the other side can understand just what he claims. As there is no such device in admiralty as was adopted in common-law pleading, which enabled the parties to strip away all other statements, and come to a single issue, such plain and distinct statement of facts is absolutely required. A good illustration of this is the pleading in cases of salvage and collision. All the material facts must be clearly stated; everything done must be set forth. The question turns upon the conduct of the parties, and everything causing or contributing to the result must be known by the court. When the pleader does this, he has done all that is required of him. He states his own case, and the facts peculiarly within his own knowledge. He is not required to state the case of his adversary, nor to anticipate his reply. Now, a tender is a part of the defense, and must be made out by the respondents. It must be so made out as to comply with all the legal requirements of a tender. If such tender had been made or attempted to have been made during the progress of the controversy resulting in the suit, the respondents must show how and when they made it. So this exception cannot be sustained. With regard to the second exception, the respondents say that this eighth article does not set forth the real facts; that the charter-party or bill of lading provides for the discharge of the vessel by libelant; and that this article puts on respondents blame for delay in the discharge. Matters of evidence should not go into pleading. Logically and naturally they come up when the pleadings are ended. Were we to entertain this exception, we would necessarily examine into a portion of the evidence, and pass upon a material part of the case before the case is ripe. We may find that under the charter-party or bill of lading libelant was bound to discharge. But perhaps the libelant would confess, and seek to avoid this by other facts. We would then be called on to examine these, and possibly others, rebutting them, and so pile up issues in advance. The eighth article makes the case for libelant. In their answer and in the evidence respondents can deny the al-

legations and deductions of this article; may show, if they can, that the duty of the libelant was to discharge the vessel, and that to his failure in the performance of this duty was due the delay. The questions are: Was the vessel detained? What detained her? If the discharge detained her, whose fault was it? If the delay was due to the slow discharge of the vessel, was that caused by the course of libelant or by that of respondents? If it was the duty of the former to discharge and of the latter to receive and remove cargo, did the former discharge with all proper dispatch, and did the latter receive and remove with sufficient speed? All these and other questions bearing on this article can be met and decided upon it and the answer to it and the evidence to be offered. This exception also is overruled.